**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHNSON & JOHNSON
VISION CARE, INC.,

        Plaintiff and
        Counterclaim Defendant,

vs.                                            Case No. 3:05-cv-135-J-32TEM
                                                Case No. 3:06-cv-301-J-32TEM

CIBA VISION CORPORATION,

        Defendant
        Counterclaim Plaintiff.

## RULE 54(b) JUDGMENT

This case is before the Court on Plaintiff/Counterclaim defendant Johnson & Johnson Vision Care, Inc.'s ("J&J") request that the Court enter a final judgment, pursuant to Rule 54(b), Federal Rules of Civil Procedure, as to its claims for declaratory judgment of noninfringement, invalidity and unenforceability, based upon the Court's findings and conclusion that J&J's product, the ACUVUE®OASYS ("Acuvue Oasys" or "Oasys") infringes upon Defendant/Counterclaim plaintiff CIBA Vision Corporation's ("CIBA) United States Patents, U.S. Patent Nos. 5,849,811 ("'811 Patent") and 6,951,894 ("'894 Patent") and does not infringe upon CIBA's U.S. Patent No. 5,760,100 ('100 Patent), and that the asserted claims are not invalid or unenforceable.  (Doc. 313 ("Findings of Fact and Conclusions of

Law"); 317 at 15 (J&J Memorandum).)[1] J&J seeks to appeal that determination immediately, contending that its claims for declaratory judgment have been fully decided and that nothing remains to be determined. Still pending before the Court is CIBA's motion for a permanent injunction (Doc. 319), and CIBA's prayer for damages (and enhanced damages), attorney's fees, costs, and pre- and post-judgment interest, all arising out of its claims of infringement. The Court has reviewed the parties' written submissions (Docs. 317, 318), and heard argument of counsel at a telephone status conference (Doc. 322), the record of which is incorporated here.

This consolidated patent case involves mirror claims brought by the parties. CIBA, as patentee, alleged that J&J's Acuvue Oasys lens infringes upon its patents, and seeks a permanent injunction, damages, enhanced damages, attorneys fees and costs, and pre- and post-judgment interest. J&J, as the alleged infringer, brought claims for a declaratory judgment that it does not infringe the CIBA patents and that the CIBA patents are invalid and unenforceable.[2] At trial CIBA asserted nine claims from three patents ('100 Patent cls. 1,

---

[1] Before trial, the Court granted CIBA summary judgment in favor of CIBA on other J&J declaratory claims of invalidity (Doc. 190), and post-trial, the Court granted CIBA's motion for judgment, pursuant to Fed. R. Civ. P. 52(c), as to two additional J&J claims of invalidity. (Doc. 329.)

[2] Specifically, J&J filed an action for declaratory judgment action against CIBA, seeking a declaration that five of CIBA'S United States Patents, U.S. Patent Nos. 5,760,100 ("'100 Patent"), 5,776,999 ("'999 Patent"), 5,789,461 ("'461 Patent"), 5,849,811 ("'811 Patent") and 5,965,631 ("'631 Patent") are invalid and/or unenforceable, and that J&J's Oasys contact lens does not infringe upon the CIBA patents. (Case No. 3:05-cv-135-J-32TEM, Doc. 1.) CIBA answered and counterclaimed that J&J's lens infringes upon the '100, '461, '811, and '631 CIBA Patents. (See Case No. 3:03-cv-800-J-32TEM, Doc. 94.) In Case No: 3:06-cv-301-J-32TEM, CIBA as plaintiff filed an action alleging that J&J has and continues to infringe upon CIBA's United States Patent No. 6,951,894

2

28, and 56; '811 Patent, cls. 28, 29; and '894 Patent, cls. 89, 90, 96, and 99). Following a bench trial, the Court determined that the Acuvue Oasys infringed CIBA's '811 and '894 Patents and did not infringe CIBA"s '100 Patent, and that the asserted claims were not invalid or unenforceable. (Doc. 313.)

Rule 54(b), Federal Rules of Civil Procedure "permits a district court to enter separate final judgment on any claim or counterclaim, after making an express determination that there is no just reason for delay." Reiter v. Cooper, 507 U.S. 258, 265 (1993)(internal quotations omitted). The United States Supreme Court has outlined a two-step process for determining whether a partial judgment may be certified as final under Rule 54(b). Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). The district court must first establish that the adjudication is in fact a "final judgment," disposing entirely of a separate claim. Id. at 7-8. If the judgment is deemed final, the court must then "determine whether there is any just reason for delay," taking into account "judicial administrative interests as well as the equities involved." Id. at 8; see also Houston Indus., Inc. v. United States, 78 F.3d 564, 567 (Fed. Cir. 1996); W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc., 975 F.2d 858, 861-62 (Fed. Cir. 1992).[3]

---

("'894 Patent"). (Case No: 3:06-cv-301-J-32TEM, Doc. 1.) J&J counterclaimed, seeking a declaration that the '894 Patent is invalid and unenforceable, and that J&J's Oasys lens does not infringe the CIBA '894 Patent. (Case No: 3:06-cv-301-J-32TEM, Doc. 8.)

[3] Federal Circuit law applies to issues involving a Rule 54(b) certification in this patent case. See Storage Tech. Corp. v. Cisco Systems, Inc., 329 F.3d 823, 830 (Fed. Cir. 2003).

I.  **Finality**

"The requirement of finality is a statutory mandate and not a matter of discretion." W.L. Gore & Assocs., Inc., 975 F.2d at 862.  In determining the finality of a claim, a "court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"  Id. at 863 (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).[4]

CIBA argues that granting a Rule 54(b) certification on J&J's mirror image claims for declaratory judgment would undermine Congress' intent in passing 28 U.S.C. § 1292(c)(2) which provides that the Federal Circuit has jurisdiction over an appeal from a civil action for patent infringement that "is final except for an accounting," thereby permitting an appeal from a finding of infringement before a determination of damages and attorney's fees, see PODS, Inc. v. Porta Stor, Inc., 484 F.3d 1359, 1365 n.4 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 618 (2007), but requiring a determination of the patentee's claim for injunctive relief.  (Docs. 318 at 6-7; 323 (Hearing Tr. at 6).)  As support, CIBA cites to Aspex Eyewear, Inc. v. Concepts in Optics, Inc., 153 F. App'x 730 (Fed. Cir. 2005), in which the Federal Circuit held that a Rule 54(b) judgment of a partial summary judgment of infringement and issues regarding validity was improper because a determination of damages, willfulness, and injunctive relief remained pending.  The Court stated that "not all aspects of the claim for infringement [had] been decided and thus that claim for relief could not be certified" under Rule 54(b) because

---

[4] The Federal Circuit's "final judgment rule" as applied to patent disputes arising under 29 U.S.C. § 1338, is set forth at 28 U.S.C. § 1295, and coincides with the "final judgment rule" found at 28 U.S.C. § 1291. Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1292-93 (Fed. Cir. 2005)

4

"the case is not final except for an accounting pursuant to 28 U.S.C. § 1292(c)(2)." Id. at 731; see generally Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc., 231 F. App'x 962, 963 (Fed. Cir. 2007)(appeal of "judgment" of infringement and validity premature when patentee's request for permanent injunctive relief remained pending); Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V., 132 F. App'x 368 (Fed. Cir. 2005)(appeal from verdict of validity and infringement premature where a motion for permanent injunction and counterclaims for unfair competition and antitrust remained pending, and no Rule 54(b) was entered).

However, this situation is distinguishable from Aspex Eyewear, Inc., because this case includes claims for declaratory relief brought by the alleged infringer, all of which have been decided as described below.

In Case No. 3:05-cv-135, J&J requested in its complaint that the Court:

> A.   Declare that Johnson & Johnson does not infringe any valid and enforceable claim of United States Patent Nos. 5,760,100; 5,776,999; 5,789,461; 5,849,811 and 5,965,631;
>
> B.   Permanently enjoin and restrain CIBA and each of its officers, agents, servants employees and those persons in active concert or participation with them from asserting that Johnson & Johnson's Phoenix contact lenses [Oasys] infringe United States Patent Nos. 5,760,100; 5,776,999; 5,789,461; 5,849,811 and/or 5,965,631;
>
> C.   Declare that all claims of United States Patent Nos. 5,760,100; 5,776,999; 5,789,461; 5,849,811 and 5,965,631 are invalid;
>
> D.   Declare that all claims of United States Patent Nos. 5,760,100; 5,776,999; 5,789,461; 5,849,811 and 5,965,631 are unenforceable.

5

> E. Award Johnson & Johnson its reasonable attorney fees pursuant to 35 U.S.C. § 285 and its costs; and
>
> F. Award Johnson & Johnson such other and further relief as the Court deems just.

(Case No. 3:05-cv-135-J-32TEM, Doc. 1 at 14-15.)  In Case No. 3:06-cv-301, the prayer for relief in J&J's counterclaim sought:

> A. The entry of judgment on the complaint in favor of Johnson & Johnson and against CIBA;
>
> B. A declaration that Johnson & Johnson's Acuvue Oasys contact lenses do not infringe the '894 patent;
>
> C. A declaration that the '894 patent is invalid;
>
> D. A declaration that the '894 patent is unenforceable;
>
> E. An award to Johnson & Johnson of its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;
>
> F. A award to Johnson & Johnson of its costs and expenses; and
>
> G. Such other and further relief as this Court deems proper.

(Case No: 3:06-cv-301-J-32TEM, Doc. 8 at 17.)

This consolidated case went to trial on nine claims from three patents: '100 Patent cls. 1, 28, 56; '811 Patent cls. 28, 29; and '894 Patent cls. 89, 90, 96, 99. (Doc. 198.) All of the remaining claims originally at issue were dismissed without prejudice either by express or effective stipulation of the parties. (See Docs. 189, 190, 198, 226, 235, 239, 240, 329 at 3-9.) The Court has decided the following issues as to the remaining asserted claims, either by deciding motions for summary judgment or pursuant to Fed. R. Civ. P. 52(c), or in its Findings of Fact and Conclusions of Law (after hearing extensive evidence in a 10-day

bench trial). (Docs. 190, 313, 329.)

As to infringement, the Court has determined that the J&J's Acuvue Oasys lens does not infringe claims 1, 28, and 56 of the '100 Patent (Doc. 313 at 36-56), and that the Acuvue Oasys lens does infringe upon claims 28 and 29 of the '811 Patent and claims 89, 90, 96 and 99 of the '894 Patent (Doc. 313 at 6-36), thus disposing of J&J's request for declaratory judgment that it does not infringe CIBA's '100, '811 and '894 Patents.

The Court has also decided that the asserted claims of CIBA's '100, '811 and '894 Patents are valid, disposing of J&J's request for a declaratory judgment that the CIBA patents are invalid. (See Docs. 190 at 20-30, 32-39, 46-52, 55-56 (granting CIBA's motion for summary judgment as to J&J's invalidity by anticipation and "best mode" claims); 329 at 2-3 (granting CIBA's Fed. R. Civ. P. 52(c) motion that the '100, '811 and '894 Patents are not invalid as indefinite, and that the '100 Patent is not obvious); 313 at 57-124 (finding claims 1, 28 and 56 of the '100 Patent, claims 28 and 29 of the '811 Patent, and claims 89, 90 96, and 99 of the '894 Patent valid, disposing of all invalidity arguments.) Further, the Court has decided that CIBA's '100, '811 and '894 Patents are enforceable, rejecting J&J's argument that the patents were procured by inequitable conduct. (Doc. 313 at 124-26.) Thus, all of J&J's claims for declaratory judgment - whether brought via complaint in Case No. 3:05-cv-135-J-32TEM or by counterclaim Case No: 3:06-cv-301-J-32TEM - have been decided,[5] ending the litigation as to J&J's declaratory judgment actions on the merits, and

---

[5] Neither J&J nor CIBA suggests that the failure to adjudicate J&J's request for attorney's fees in its declaratory actions affects the finality of the Rule 54(b) Judgment for appellate purposes. See PODS, Inc., 484 F.3d at 1365 n.4; see also Monsanto Co. v. Bayer Bioscience N.V., 514 F.3d 1229, 1242 (Fed. Cir. 2008).

leaving nothing for the Court to do but execute a judgment. See Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1292 (Fed. Cir. 2005).

The Federal Circuit has approved certification of a judgment under Rule 54(b) in a patent case even while a claim or counterclaim remains pending (*albeit* not in this specific context). See Lava Trading, Inc. v. Sonic Trading Mgmt., LLC, 445 F.3d 1348, 1350-51 (Fed. Cir. 2006); SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1315 (Fed. Cir. 2006); Pause Tech. LLC, 401 F.3d at 1295. While the parties have not cited, and the Court has not located any patent case presenting exactly this procedural posture,[6] the Court has found no basis to deny J&J's request inasmuch as its declaratory judgment actions have been completely determined.[7]

## II. No Just Reason For Delay

"District courts have substantial discretion in determining when there is no just cause

---

[6] Though the district court in E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co., 720 F. Supp. 373 (D. Del. 1989), cited by J&J, did enter a Rule 54(b) judgment on a determination of infringement and validity based upon the accused infringer's counterclaim seeking declaratory judgment, id. at 375, 377-78, a permanent injunction had been entered prior to the appeal. Id. at 377. The appeal to the Federal Circuit was dismissed on appellant alleged infringer's motion to voluntarily dismiss the appeal. E.I. Du Pont de Nemours & Co. v. Phillips Petroleum Co., 988 F.3d 129 (Fed. Cir. 1993)(Table).

[7] The Court, concurrent with entry of this Rule 54(b) Judgment, has entered an Order setting forth a schedule to proceed with CIBA's pending motion for a permanent injunction, and has set evidentiary hearing on that motion for March 30-31, 2010. (Doc. 328.) Any appeal following the determination of the motion for permanent injunction may, if the Federal Circuit approves, be consolidated with an appeal from this Rule 54(b) judgment. See Broadcom Corp. v. Qualcomm Inc., 543 F.3d 683, 688 (Fed. Cir. 2008)(consolidating Rule 54 judgment entering jury's infringement verdict with appeal from injunction).

for delay in entering judgment under Rule 54(b)." Intergraph Corp. v. Intel Corp., 253 F.3d 695, 699 (Fed. Cir. 2001)(citing Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 452 (1956)).  This discretion, however, should be exercised "in the interest of sound judicial administration."  Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956).  In determining whether there is no just cause for delay in judgment, courts "must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8.  Factors courts consider include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8; see also Donnelly Corp. v. Gentex Corp., No. 96-1103, 1996 WL 468452, at *3 (Fed. Cir. Aug. 19, 1996)(citing Curtiss-Wright Corp., 446 U.S. at 8).

Immediate appeal of a Rule 54(b) judgment based upon the Court's Findings of Fact and Conclusions of Law (Doc. 313) and the underlying orders merged therein, will further judicial administrative interests and promote efficiency.  First, the infringement, validity and enforcement claims adjudicated have been finally decided and are separable from what remains before the Court, that is, resolution of CIBA's motion for a permanent injunction, damages, attorney's fees and interest.  The interests to be evaluated and the issues to be resolved in the pending motion for permanent injunction are equitable in nature, focusing upon the need for and effect of a permanent injunction, eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), as opposed to the facts and applicable law relating to the parties' dispute over the issues of infringement, invalidity and unenforceability.  As to the remaining

9

determinations of damages, attorney's fees and interest, Congress' statutory scheme indeed contemplates appellate review of the liability determination of infringement before a determination of damages. 28 U.S.C. § 1292(c)(2). There will be no overlap of the decisions yet to be made by this Court with those made giving rise to this Judgment, the record on these issues is fully developed, and the Federal Circuit, as the appellate court, will not be presented with these same issues in any subsequent appeals.

Also significant to the Court's determination that there is no just cause for delay in this appeal is that this case presents important and complex patent issues regarding the very large American market for extended wear hydrogel contact lenses. Through its 119 page *Markman* Order (Doc. 121), its 58 page summary judgment Order (Doc. 190), and its 127 page Findings of Fact and Conclusions of Law (Doc. 313), this Court has rendered its best judgment on infringement, invalidity and unenforceability. However, there is no substitute for appropriate appellate review by the Federal Circuit. Moreover, in addition to this consolidated case, five additional cases remain pending before this Court between these same parties concerning these same or similar patents, and presenting numerous issues which overlap those presented by this Judgment.[8] The finality offered by appellate review

---

[8] The five other cases are Case Nos. 3:03-cv-800-J-32TEM, 3:04-cv-1297-J-32-TEM, and 3:06-cv-300-J-32TEM consolidated and all concerning J&J's ACUVUE©ADVANCE contact lens and these same patents (plus a new continuation CIBA patent which CIBA intends to assert (Doc. 318 at 11)); Case No. 3:08-cv-1198-J-32MCR, filed in December 2008, involving J&J's ACUVUE®OASYS™ for ASTIGMATISM, ACUVUE®OASYS™ for PRESBYOPIA (similar lenses to the Oasys lens in the instant litigation), and 1 DAY ACUVUE™ TrueEye™ and the same CIBA patents; and Case No. 3:09-cv-826-J-32-JRK, filed July 2009, involving among other things the commercial embodiment of CIBA's patents at issue here.

of the liability issues in this consolidated case will, at minimum, define and substantially narrow the issues left to be resolved in the other five pending cases,[9] and possibly facilitate global settlement of the pending litigation between these parties.

An immediate appeal and final resolution of these core liability issues will help alleviate the business uncertainly[10] and untold expenses that this burgeoning litigation presents to both parties, and will not prejudice either of them. Resolution of these liability issues will serve judicial administrative interest, promote efficiency, and serve the overall interests of justice. This is particularly true considering the Court's intention to move this case forward by resolving CIBA's pending motion for permanent injunction even as the anticipated appeal from this Rule 54(b) Judgment proceeds.

There being no just reason for delaying entry of judgment, it is hereby

**ORDERED** and **ADJUDGED**:

1. **FINAL JUDGEMENT** is **ENTERED**, pursuant to Rule 54(b), Federal Rules of Civil Procedure, on Johnson & Johnson Vision Care, Inc.'s Complaint for declaratory judgment against CIBA Vision Corporation (Case No. 3:05-cv-135-J-32TEM, Doc. 1) as to

---

[9] This Rule 54(b) Judgment, of course, encompasses the Court's Order on Claim Construction (Doc. 121 ("Corrected *Markman* Order")), Order on Cross Motions For Summary Judgment (Doc. 190), Order on CIBA's Rule 52 Motion (Doc. 329), and all other orders which pertain to the issue of infringement, validity, and unenforceability. See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1311 (Fed. Cir. 2009)("an earlier, non-appealable order may be considered to be 'merged' into a subsequent final judgment"); In re Gabapentin Patent Litigation, 503 F.3d 1254, 1264 (Fed. Cir. 2007)(Rule 54(b) Judgment encompassed the court's claim construction rulings that pertained to the issue of noninfringement).

[10] There is also uncertainty for the consumers of these products.

those patents and claims asserted by CIBA Vision Corporation at trial as follows:

  A. **FINAL JUDGMENT** is **ENTERED** in favor of Johnson & Johnson Vision Care, Inc. and against CIBA Vision Corporation on Johnson & Johnson Vision Care, Inc.'s Complaint for declaratory judgment (Doc. 1), in accordance with the Court's Findings of Fact and Conclusions of Law (Doc. 313) holding that Johnson & Johnson Vision Care, Inc.'s product ACUVUE®OASYS does not infringe upon CIBA Vision Corporation's U.S. Patent No. 5,760,100.

  B. **FINAL JUDGMENT** is **ENTERED** in favor of CIBA Vision Corporation and against Johnson & Johnson Vision Care, Inc. on Johnson & Johnson Vision Care, Inc.'s Complaint for declaratory judgment (Doc. 1), in accordance with the Court's Findings of Fact and Conclusions of Law (Doc. 313) holding that Johnson & Johnson Vision Care, Inc.'s product ACUVUE®OASYS does infringe upon CIBA Vision Corporation's U.S. Patent No. 5,849,811.

  C. **FINAL JUDGMENT** is **ENTERED** in favor of CIBA Vision Corporation and against Johnson & Johnson Vision Care, Inc. on Johnson & Johnson Vision Care, Inc.'s Complaint for declaratory judgment (Doc. 1), in accordance with the Court's Findings of Fact and Conclusions of Law (Doc. 313), the Court's Order on the parties' cross motions for summary judgment (Doc. 190), and the Court's Order on CIBA Vision Corporation's motions brought pursuant to Fed. R. Civ. P. 52(c) (Doc. 329), holding that claims 1, 28, and 56 of U.S. Patent Nos. 5,760,100 and claims 28 and 29 of U.S. Patent No. 5,849,811 are valid, and that CIBA Vision Corporation's U.S. Patent No. 5,760,100 and U.S. Patent No.

5,849,811 are enforceable.

2. **FINAL JUDGEMENT** is **ENTERED**, pursuant to Rule 54(b), Federal Rules of Civil Procedure, on Johnson & Johnson Vision Care, Inc.'s Counterclaim for declaratory judgment against CIBA Vision Corporation (Case No: 3:06-cv-301-J-32TEM, Doc. 8) as to those patents and claims asserted by CIBA Vision Corporation at trial as follows:

    A. **FINAL JUDGMENT** is **ENTERED** in favor of CIBA Vision Corporation and against Johnson & Johnson Vision Care, Inc. on Johnson & Johnson Vision Care, Inc.'s Counterclaim for declaratory judgment (Doc. 8), in accordance with the Court's Findings of Fact and Conclusions of Law (Doc. 313) holding that Johnson & Johnson Vision Care, Inc.'s product ACUVUE®OASYS does infringe upon CIBA Vision Corporation's U. S. Patent No. 6,951,894.

    B. **FINAL JUDGMENT** is **ENTERED** in favor of CIBA Vision Corporation and against Johnson & Johnson Vision Care, Inc. on Johnson & Johnson Vision Care, Inc.'s Counterclaim for declaratory judgment (Doc. 8), in accordance with the Court's Findings of Fact and Conclusions of Law (Doc. 313), the Court's Order on the parties' cross motions for summary judgment (Doc. 190), and the Court's Order on CIBA Vision Corporation's motions brought pursuant to Fed. R. Civ. P. 52(c) (Doc. 329), holding that claims 89, 90, 96 and 99 of CIBA Vision Corporation's U.S. Patent No. 6,951,894 are valid, and that U.S. Patent No. 6,951,894 is enforceable.

3. As Johnson & Johnson Vision Care, Inc. has requested the entry of this Rule 54(b) Judgment, it should forthwith file its notice of appeal.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of November, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record